UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
JUN 02 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAVID D. LARVIE, JR., | CIV 14-3006 |
| Petitioner, | |
| -vs- | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### BACKGROUND

Petitioner, a Native American, was charged under the Assimilated Crimes Act, 18 U.S.C. § 1153, with burglary in violation of SDCL 22-32-8 in CR 02-30031. He failed to appear at his August 13, 2002, jury trial and was charged with failure to appear in CR 02-30081. He pleaded guilty pursuant to petitions to plead guilty to both offenses. Petitioner was sentenced to a total sentence of 24 months custody and three years supervised release.

Petitioner was released to supervision on April 28, 2006. His supervised release was revoked for failing to follow his probation officer's directive to reside and participate in a community corrections center. He was sentenced to serve an additional period of nine months custody. He was released to supervision on March 20, 2007, and placed in a community corrections center. He was discharged on July 24, 2007.

On August 7, 2007, petitioner was alleged to have broken into a residence, assaulted his girlfriend, kidnapped her, brandished a firearm, and threatened to shoot her. He pleaded guilty to use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Petitioner's guideline sentencing range was calculated pursuant to the Career Offender guideline, § 4B1.1, because he was found to have had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). His 2002 federal third degree burglary conviction and a 2003 state court second degree burglary conviction were predicate

offenses found to have been crimes of violence based upon the career offender definition found at U.S.S.G. § 4B1.2(a). Defendant objected to the career offender enhancement, contending that his prior state court burglary conviction did not constitute a crime of violence and that his sentence should be the mandatory minimum sentence of seven years imprisonment as agreed to in the plea agreement. That objection was overruled.

The guideline range calculated pursuant to the Career Offender guideline was 262 - 327 months. A substantial variance was applied to reduce the sentence imposed to 120 months custody. Defendant was sentenced on December 1, 2008, to 120 months custody in CR 07-30084. He was also sentenced in CR 02-30031 on his second revocation of supervised release to 15 months custody, consecutive, and in CR 02-30081 on his second revocation of supervised release to 24 months custody, consecutive, all for a total sentence of 159 months custody. He did not appeal his conviction, revocations, or sentences.

Petitioner has filed a motion to vacate, set aside, or correct his December 1, 2008, sentence in CR 07-30084, contending his sentence was imposed in violation of the United States Supreme Court's June 20, 2013, decision in <u>Descamps v. United States</u>, ___ U.S. ___, 133 S.Ct. 2276 (2013). I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

## DECISION

### I. Armed Career Criminal Act.

In 1984, Congress enacted the Comprehensive Crime Control Act, Pub. L. 98-473, 98 Stat. 1976. Chapter XVIII, §§ 1801 *et seq.*, of that Act, entitled the Armed Career Criminal Act ("ACCA") of 1984, 98 Stat. 2185, amended the Omnibus Crime Control and Safe Streets Act of 1968, then codified at 18 U.S.C. § 1202(a), to provide a mandatory minimum penalty of 15 years imprisonment for any person convicted of, *inter alia*, being a felon in possession of a firearm "who has three previous convictions by any court . . . for robbery or burglary, or both."

Two years later, on May 19, 1986, as part of the Firearms Owners' Protection Act, Congress amended 18 U.S.C. § 924 to, *inter alia*, repeal 18 U.S.C. §§ 1201 *et seq.* and reenact an amended version of the ACCA at § 924(e). Pub. L. 99-308, § 104, 100 Stat. 458. Later that year, on October 27, 1986, as part of the Anti-Drug Abuse Act of 1986, Congress amended the ACCA

2

to strike out "for robbery or burglary, or both," and insert instead "for a violent felony or a serious drug offense, or both." Pub. L. 99-570, § 1401, 100 Stat. 3207-39. Thus, sentencing courts have since been called upon to determine whether defendants convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) should be sentenced to the § 924(c) mandatory minimum 15 years imprisonment for having had three prior convictions for a violent felony or a serious drug offense, or both.

The ACCA defines the term "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

The United States Supreme Court established in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the rule for determining when a prior conviction counts as one of the ACCA's enumerated predicate offenses (burglary, arson, etc.).

> Taylor adopted a "formal categorical approach": Sentencing courts may "look only to the statutory definitions"— i.e., the elements—of a defendant's prior offenses, and not "to the particular facts underlying those convictions." If the relevant statute has the same elements as the "generic" ACCA crime, then the prior conviction can serve as an ACCA predicate; so too if the statute defines the crime more narrowly, because anyone convicted under that law is "necessarily ... guilty of all the [generic crime's] elements." But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, we emphasized, is elements, not facts. So, for example, we held that a defendant can receive an ACCA enhancement for burglary only if he was convicted of a crime having "the basic elements" of generic burglary— i.e., "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."

Descamps, 133 S.Ct. at 2283 (*quoting* Taylor, 495 U.S. at 599-600, 110 S.Ct. at 2158-59.

In Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), the Supreme Court set forth the rule to apply when the defendant's prior conviction occurred pursuant to a "divisible" burglary statute. A "divisible" statute is one that "comprises multiple, alternative versions of the crime," i.e., a burglary statute that prohibits both "entry of an automobile [not an ACCA predicate offense] as well as a building." Descamps, 133 S.Ct. at 2284. Shepard authorized the sentencing court to scrutinize a restricted set of materials - "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine whether the defendant had been convicted of a "generic" burglary offense. Shepard, 544 U.S. at 26, 125 S.Ct. at 1254. The Supreme Court refers to the Shepard rule as the "modified" counterpart to the categorical approach first announced in Taylor. Descamps, 133 S.Ct. at 2283.

The Supreme Court most recently held that the modified categorical approach cannot be used to turn a prior conviction into an ACCA predicate offense if the conviction was pursuant to a statute that broadly defines burglary in such a way that it includes, for example, shoplifting. Descamps, 133 S.Ct. at 2283. The modified approach can only be applied where the conviction at issue involved a divisible statute, not a broadly written statute. *Id.* Thus, the Supreme Court held, that no convictions under California's burglary statute can qualify as ACCA predicate offenses because the statute, which defines burglary as entry with intent to commit larceny or any felony, does not correspond to the generic offense of burglary which requires unlawful entry. *Id.* at 2283-84.

With the foregoing background in mind, this Court must determine whether petitioner qualifies to file a late motion to vacate and, if so, whether he is entitled to relief.

**II. Timeliness.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 28 U.S.C. § 2255, a 1-year period of limitation applies to a motion under this section.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;

4

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and **made retroactively applicable to cases on collateral review**; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis supplied). Any motion to vacate pursuant to 28 U.S.C. § 2255 would be untimely unless petitioner can set forth a basis for tolling the one year limitations period. Petitioner contends that his motion is timely pursuant to § 2255(f)(3) because it was filed within one year of the Supreme Court's Decision in Descamps v. United States, *supra*.

The AEDPA contains identical limitations tolling language for filing petitions for writs of habeas corpus challenging state court convictions and sentences in 28 U.S.C. § 2244(d). Similar language appears throughout the AEDPA, prohibiting second or successive motions to vacate or petitions for writs of habeas corpus unless, *inter alia*, the

> claim relies on a new rule of constitutional law, **made retroactive to cases on collateral review by the Supreme Court** that was previously unavailable.

28 U.S.C. § 2244(b)(2)(A) (as applied to petitions for a writ of habeas corpus) and 28 U.S.C. § 2255(h)(2) (as applied to motions to vacate) (emphasis supplied).

The United States Supreme Court has held, in construing the above cited language set forth at 28 U.S.C. § 2244(b)(2)(A) that "the requirement is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review." Tyler v. Cain, 533 U.S. 656, 662, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). The Supreme Court, in Dodd v. United States, 545 U.S. 353, 359, 125 S. Ct. 2478, 2483, 162 L.Ed.2d 343 (2005), discussed the statute of limitations text set forth in 28 U.S.C. § 2255(f)(3)[1] and implied that "made

---

[1]Prior to the Court Security Improvement Act of 2007, Pub. L. 110-177, 121 Stat. 2534, 28 U.S.C. § 2255 contained undesignated paragraphs. Title V, Section 511 amended § 2255 by designating the undesignated paragraphs as subsections (a) through (h). Paragraph 6(3), referred

retroactively applicable" is a function of the Supreme Court when it noted that it is "the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year." Justice Stevens, in a footnote in his dissent in Dodd, stated that the "more natural reading of [§ f(3)] is that the prepositional phrase 'by the Supreme Court' modifies *both* verbs of the subordinate clause" [(1) newly recognized and (2) made retroactively applicable] and "comports with Congress' general direction that this Court, and not the lower courts, should provide the final answer to questions of interpretation arising under the [AEDPA]." Dodd v. United States, 545 U.S. at 367 n. 4, 125 S.Ct. at 2487 n. 4 (emphasis in original).

Supreme Court precedent appears to hold that, with respect to the AEDPA's various provisions allowing late or successive motions to vacate or petitions for writs of habeas corpus based upon new Supreme Court precedent, rights are not newly recognized unless the United States Supreme Court has said so. The Supreme Court has not held that Descamps is retroactive. Petitioner's motion is therefore untimely.

The Supreme Court applies a different test to determine whether new Supreme Court precedent applies to timely filed petitions for collateral review. Under the retroactivity analysis as set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), federal habeas corpus petitioners may not avail themselves of new rules of criminal procedure beyond two narrow exceptions.

> Under Teague, the determination whether a constitutional rule of criminal procedure applies to a case on collateral review involves a three-step process. First, the court must determine when the defendant's conviction became final. Second, it must ascertain the "legal landscape as it then existed," and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule. That is, the court must decide whether the rule is actually "new." Finally, if the rule is new, the court must consider whether it falls within either of the two exceptions to nonretroactivity.

Beard v. Banks, 542 U.S. 406, 411, 124 S.Ct. 2504, 2510, 159 L.Ed.2d 494 (2004) (internal citations omitted).

The first Teague exception is that "[n]ew substantive rules generally apply retroactively. Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004).

---

to in Dodd v. United States, is now § 2255(f)(3).

> This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.

Schriro v. Summerlin, 542 U.S. at 351-52, 124 S.Ct. at 2522-23 (internal citations and quotations omitted).

"New rules of procedure, on the other hand, generally do not apply retroactively" because they "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Schriro v. Summerlin, 542 U.S. at 352, 124 S.Ct. at 2523. The second Teague exception applies to "watershed" rules of procedure that "implicate the fundamental fairness of the trial." Teague v. Lane, 489 U.S. at 311, 312, 109 S.Ct. at 1076. "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is *seriously* diminished.'" Schriro v. Summerlin, 542 U.S. at 352, 124 S.Ct. at 2523 (*auoting* Teague v. Lane, 489 U.S. at 313, 109 S.Ct. at 1077 (emphasis added)). This exception is "extremely narrow." Schriro v. Summerlin, 542 U.S. at 352, 124 S.Ct. at 2523. "In providing guidance as to what might fall within this exception, we have repeatedly referred to the rule of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel), and only to this rule." Beard v. Banks, 542 U.S. 406, 417, 124 S.Ct. 2504, 2514 (U.S. 2004).

Even if petitioner's motion to vacate had been filed within the limitations period, I have found no cases that have found Descamps retroactively applicable on collateral review.

**III. Application of Descamps to Petitioner's Case.**

A further impediment to petitioner's claim for relief is that Descamps does not apply to the Career Criminal Guideline but instead to substantive guilt under the ACCA. Petitioner was convicted of use of a firearm during a crime of violence as proscribed by 18 U.S.C. § 924(c), not felon in possession of a firearm as proscribed by § 924(e). He was thus not subject to the mandatory minimum penalty at § 924(g) and Descamps would not apply to his sentence.

Petitioner's prior burglary convictions came into play only as to the sentence to be imposed pursuant to the Federal Sentencing Guidelines. Petitioner's "collateral attack on an application of the career offender guidelines provisions is not cognizable under § 2255." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011).

### IV. Evidentiary Hearing.

The general rule is that a district court must hold an evidentiary hearing on a § 2255 motion which presents factual disputes. Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**ORDER**

IT IS ORDERED that defendant's motion to vacate, set aside, or correct sentence is denied.

Dated this 31st day of May, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ DEPUTY
(SEAL)